CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 07, 2024

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH DeWAYNE COPELAND,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:22CV00499 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN USP LEE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Kenneth DeWayne Copeland, Pro Se Petitioner; Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Respondent.*

Kenneth DeWayne Copeland, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, while incarcerated in this judicial district. Copeland contends that he was improperly sentenced as a Career Offender under the Sentencing Guidelines. In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that such post-conviction changes to statutory interpretation do not provide grounds to challenge a conviction or sentence in a § 2241 petition. Therefore, I will grant the respondent's Motion to Dismiss the § 2241 petition.

I.

A grand jury in the United States District Court for the Northern District of Florida returned an Indictment charging that Copeland distributed crack cocaine and possessed that drug with intent to distribute, possessed firearm in furtherance of a drug trafficking offense, and possessed a firearm after being convicted as a felon. Copeland pleaded guilty and was sentenced to 262 months in prison by judgment entered on February 22, 2007.  That judgment was affirmed on appeal.  *United States v. Copeland*, 229 F. App'x 903 (11th Cir. 2007) (unpublished).  Copeland's later motion under 28 U.S.C. § 2255 was denied. *United States v. Copeland*, Nos. 4:06cr61-RH/CAS, 4:14cv321-RH/CAS, 2014 WL 4092264 (N.D. Fla. Aug. 19, 2014).

Copeland filed his § 2241 petition in this court in 2022.  The court stayed the case pending the Supreme Court's decision in *Hendrix*.  Order, ECF No. 7 (Nov. 28, 2022).  Once the Supreme Court issued its decision, the respondent filed a Motion to Dismiss.  Although the court notified Copeland of his opportunity to respond to the motion, Notice, ECF No. 10 (June 30, 2023), the court has received no response and the time allotted for a response has elapsed.  Thus, I find the motion to be ripe for consideration.

II.

In the *Hendrix* case, the Supreme Court addressed the question of whether the "limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed" under § 2241 with a claim based on favorable, post-conviction statutory interpretation.  599 U.S. at 470.  The Court held that it does not.  *Id.*  Specifically, the Court held that "the saving clause does not authorize . . . an end-run around" the "two — and only two — conditions in which a second or successive § 2255 may proceed" as described in § 2255(h).  *Id.* at 477.  Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  *Id.* at 478.  The Court expressly held that "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction in his case."  *Id.* at 480.

The proper avenue by which to pursue Copeland's sentence challenge is a § 2255 motion, but his past attempt at relief under § 2255 was unsuccessful.  The mere fact that his present statutory interpretation claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does

not make § 2255 inadequate or ineffective such that he may proceed with those claims under § 2241 instead.   Nor does Copeland identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court."   *Id.* at 474.   Consequently, I lack jurisdiction over Copeland's § 2241 petition.

### III.  CONCLUSION.

For the reasons stated, I will grant the respondent's Motion to Dismiss and dismiss the § 2241 petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:  May 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge